# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMIE JIMMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:14-CV-342 |
| | ) | |
| DR. MEYERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court is a complaint filed by Jamie Jimmerson, a *pro se* prisoner, pursuant to 42 U.S.C. § 1983. (DE 1.) For the reasons set forth below, the Court: (1) **GRANTS** the plaintiff leave to proceed against Dr. Michael Mitcheff, Dr. David Meyers, Dr. Thompson (first name unknown), and Don Nelson in their individual capacities for monetary damages for denying him pain medication for throat and neck cancer; (2) **GRANTS** the plaintiff leave to proceed against Dr. Michael Mitcheff in his official capacity for injunctive relief related to his current need for pain medication; (3) **GRANTS** the plaintiff leave to proceed against Don Nelson in his individual capacity for monetary damages for unlawfully retaliating against him for filing grievances about his medical care; (4) **DISMISSES** any and all other claims contained in the complaint; (5) **DIRECTS** the United States Marshals Service to effect service on Dr. Michael Mitcheff, Dr. David Meyers, Dr.

Thompson (first name unknown), and Don Nelson pursuant to 28 U.S.C. § 1915(d); and (6) **ORDERS** Dr. Michael Mitcheff, Dr. David Meyers, Dr. Thompson (first name unknown), and Don Nelson to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Jamie Jimmerson, a *pro se* prisoner, filed this action on February 12, 2014. (DE 1.) He alleges that medical staff within the Indiana Department of Correction ("IDOC") have denied him pain medication for throat and neck cancer. He further alleges that because he filed grievances about his medical care, he was fired from his prison job.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim, the court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for

relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The complaint is not a model of clarity, but it can be discerned that Jimmerson, an inmate at Westville Correctional Facility ("Westville"), has been diagnosed with throat and neck cancer. He has been treated for this condition by physicians at an outside hospital. He was previously housed at Indiana State Prison("ISP"), and during the time he was there, he was seen by a cancer specialist at an outside hospital, who prescribed pain medication to address the pain associated with his illness. He asserts that staff at ISP refused to provide him with the pain medication prescribed by the specialist. He claims that he made repeated requests for pain medication to prison physicians Dr. David Meyers and Dr. Thompson (first name unknown); Don Nelson, the health care administrator at ISP; and Dr. Michael Mitcheff, the regional medical director who oversees the provision of medical

care at several correctional institutions. He claims they ignored his requests or informed him that he would not be getting the pain medication. He claims that his condition got worse and he experienced significant pain. At some point thereafter, he was transferred to Westville. The complaint can be read to allege that he is still not receiving proper medication to control the pain from his cancer.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For

a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to demand a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Giving the plaintiff the inferences to which he is entitled at this stage, he has alleged a serious medical need, specifically, throat and neck cancer which has been diagnosed by a physician, and which causes him significant pain. On the subjective prong, he claims that he has complained repeatedly about his need for pain medication, but the defendants have ignored him and/or refused to provide him with an effective treatment. Accepting his allegations as true, he has alleged a plausible deliberate indifference claim, and he will be permitted to proceed against the defendants for damages.

Jimmerson also seeks injunctive relief pertaining to his current need for pain medication. However, he is no longer housed at ISP and he does not claim, nor is there any plausible basis to infer, that he is likely to be transferred back to ISP anytime in the near future. Accordingly, he has no claim for injunctive relief against the defendants from ISP. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Dr. Mitcheff, who approves medication requests for inmates at various prisons, appears to be a proper defendant for purposes of a claim for injunctive relief, since he could ensure that an order pertaining to Jimmerson's medical care is carried out. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989). Accordingly, Jimmerson will be permitted to proceed on a claim for injunctive relief against Dr. Mitcheff.

Finally, Jimmerson claims that defendant Nelson violated his First Amendment rights by firing him from his prison job because he filed grievances about his medical care. To establish a claim of retaliation, the plaintiff must allege: (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the defendant's action was motivated by the protected activity. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). A prisoner has

a First Amendment right to use the prison grievance process. *Id.* Here, Jimmerson claims that because he filed grievances complaining about a serious medical problem, Nelson fired him from his prison job. Although further factual development may show there were other legitimate reasons that he lost his job, giving him the inferences to which he is entitled at this stage, he has alleged a plausible First Amendment retaliation claim.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Dr. Michael Mitcheff, Dr. David Meyers, Dr. Thompson (first name unknown), and Don Nelson in their individual capacities for monetary damages for denying him pain medication for throat and neck cancer;

(2) **GRANTS** the plaintiff leave to proceed against Dr. Michael Mitcheff in his official capacity for injunctive relief related to his current need for pain medication;

(3) **GRANTS** the plaintiff leave to proceed against Don Nelson in his individual capacity for monetary damages for unlawfully retaliating against him for filing grievances about his medical care;

(4) **DISMISSES** any and all other claims contained in the complaint;

7

(5) **DIRECTS** the United States Marshals Service to effect service on Dr. Michael Mitcheff, Dr. David Meyers, Dr. Thompson (first name unknown), and Don Nelson pursuant to 28 U.S.C. § 1915(d); and

(6) **ORDERS** Dr. Michael Mitcheff, Dr. David Meyers, Dr. Thompson (first name unknown), and Don Nelson to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: February 24, 2014**        /s/RUDY LOZANO, Judge
                                    **United States District Court**