IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMIE JIMMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-342 |
| | ) | |
| DR. MEYERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendants' Partial Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, filed by Defendants, Dawn Nelson,[1] Joseph Thompson, M.D., and Michael Mitcheff, M.D., on April 16, 2014. (DE #8.) For the reasons set forth below, Defendants' motion for summary judgment (DE #8) is **GRANTED**. Accordingly, Jimmerson's claims against Nelson, Thompson and Mitcheff for denying him pain medication for neck and throat cancer are **DISMISSED WITHOUT PREJUDICE**. As this was the only claim pending against Defendant Thompson, he is dismissed from this case.

BACKGROUND

Jamie Jimmerson, an inmate within the Indiana Department of Correction ("IDOC"), brought this action on February 12, 2014,

---

[1]Nelson was incorrectly named as "Don" Nelson in the complaint. (DE 1.)

pursuant to 42 U.S.C. § 1983. (DE #1 at 9.) The Court screened the complaint pursuant to 28 U.S.C. § 1915A, and granted him leave to proceed on a claim that Dr. Mitcheff, Dr. Thompson and Nelson, a health care administrator, provided him improper medical treatment for throat and neck cancer while he was at Indiana State Prison ("ISP"). (DE #4.) He was also granted leave to proceed on a claim that Nelson improperly retaliated against him in violation of the First Amendment for complaining about his medical care. (*Id.*) Jimmerson is no longer housed at ISP, and is presently housed at Westville Correctional Facility ("Westville"). (DE #1 at 1.) He alleges that he is still receiving inadequate medical care, particularly with respect to his pain medication. He was granted leave to proceed on a claim for injunctive relief against Dr. Mitcheff, the regional medical director for Corizon Medical Services ("Corizon"), a private company which provides medical care at IDOC facilities, pertaining to his current need for additional pain medication. (*Id.*)

In their motion for summary judgment, Defendants argue that Jimmerson "has not exhausted all levels of the grievance process with respect to his allegations that the Defendants failed to provide pain medications for his throat and neck cancer." (DE #9, at 7.) This Court informed Jamie Jimmerson, a *pro se* plaintiff, that his initial response was too vague to withstand defendants' motion for summary judgment. (DE #18.) Rather than immediately

2

grant the motion for summary judgment, however, the Court took it under advisement and, pursuant to Rule 56(e)(1) of the Federal Rules of Civil Procedure, gave Jimmerson an opportunity to provide additional detail about his efforts to exhaust his administrative remedies, which he has now done. (DE ##26, 27, 29.)

DISCUSSION

Summary Judgment Standard

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald*

3

v. *Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (citing *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)).

Facts

At all relevant times, and pursuant to IDOC policy, both ISP and Westville had a grievance process under which an inmate can grieve a broad range of issues. (DE #9-1, Bean Aff. ¶¶ 2-5.) The process begins with the inmate attempting to resolve the matter informally with staff. (*Id.* ¶ 6.) If the issue cannot be resolved informally, the inmate must file a formal grievance within 10 days of the underlying incident. (*Id.* ¶¶ 7-8.) The grievance must be submitted to the Grievance Supervisor of the facility where the incident occurred. (*Id.* ¶ 7.) If the grievance is not resolved to the inmate's satisfaction, he must file an appeal within 10 working days of the grievance response. (*Id.* ¶ 8.)

An official record is kept of all inmate grievances, and those records reflect that Jimmerson has filed various grievances during his incarceration. (*Id.* ¶¶ 11-13.) Relevant here, in February 2013, Jimmerson filed a grievance[2] about the medical care he was receiving for throat and neck cancer. (DE #9-1 at 6; DE #16 at 3; DE #26-1, at 4.) On March 1, 2013, officials responded by stating,

---

[2]It is unclear whether Jimmerson filed his grievance at ISP or at Westville. The grievance itself does not indicate at which facility it was filed. Jimmerson indicates that he filed it with ISP, as he alleges ISP responded to the grievance. (DE #27-2, at 18, 19, 21.) However, Westville's records indicate that Jimmerson filed his grievance with Westville. (DE #9-1, ¶¶ 13, 14; DE #9-1, at 6.)

4

"You were seen in Medical and treated. After being referred to oncology, you were transferred to WCC for further treatment." (DE #9-1 at 6; #26-1, at 5.) Jimmerson received this response on March 8, 2013. (DE #27-3, at 2.)

On March 13, 2014, Jimmerson sent[3] a "Request for Interview" form to Timothy Bean, the Westville Grievance Specialist, stating, "I just got here from I.S.P. and I need you to file this grievance appeal #75362." (DE 27-1, at 19.) Grievance appeal #75362 states:

> It is the responsibility of the D.O.C. to keep my records of complaints (informal and formal) filed by offenders. My obligation is to follow the procedure. Due to the time constraints I couldn't attend the law library to make copies of the informal grievances. I am supposed to be able to trust the process without fear that my complaint records could hinder my ability to legal recourse which I believe is the reason these records were lost intentionally. What steps are taken to ensure that hard copy records are saved to keep a record of offender complaints? What is the official D.O.C. policy on retention of these documents?

(DE #27-1 at 20.)

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust before bringing his lawsuit, and efforts to exhaust while the case is pending do not satisfy 42 U.S.C.

---

[3]This is disputed. However, taking the evidence in a light most favorable to Jimmerson, this Court interprets the unsigned "Request for Interview" form dated March 3, 2013, to mean that Jimmerson submitted it to Timothy Bean on that date.

5

§ 1997e(a). *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("exhaustion must precede litigation"); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (compliance with 42 U.S.C. § 1997e(a) is a "precondition to suit"). For exhaustion purposes, an inmate is deemed to have "brought" the action on the date when his complaint is tendered for mailing. *Ford*, 362 F.3d at 400.

The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Here, the defendants argue that Jimmerson did not properly exhaust his administrative remedies before filing suit. (DE #9.) As outlined above, the record reflects that Jimmerson filed a grievance about his medical care. (DE #27-1, at 1). Westville has no record of Jimmerson filing an appeal of that grievance. (DE #9-1, ¶¶ 13, 14.) However, Jimmerson nevertheless maintains that he

6

exhausted his administrative remedies. In an effort to show that he appealed his grievance, Jimmerson has submitted two documents. He provided a "Request for Interview" form, asking Timothy Bean to file grievance appeal #75362 (DE #27-1 at 19), along with grievance appeal #75362 where Jimmerson complains about the Indiana Department of Corrections needing to keep better records of prisoner complaints and grievances. (DE #27-1, at 20.) Neither of these documents are signed by prison officials as "received." (*Id.*) Defendants dispute that Jimmerson ever submitted these documents to Timothy Bean. However, whether or not Jimmerson tendered these documents to Timothy Bean is immaterial.

Even assuming that Jimmerson submitted grievance appeal #75362 to Timothy Bean, that purported appeal does not address the same subject matter as his formal grievance. In his formal grievance, Jimmerson alleged that he was subjected to deficient medical care at ISP. In his submitted appeal, Jimmerson complains only of the IDOC's poor record keeping practices.

Consequently, Jimmerson's submitted appeal documents contradict his contention that he properly filed and appealed a grievance related to deficient medical care. See *Peterson v. Rogan*, No. 2:11-CV-0007, 2012 WL 4020996, *3 (S.D. Ind. Sept. 12, 2012)(noting that a plaintiff's characterization of his grievances can be overcome by the grievance documents themselves). Even assuming Jimmerson submitted this appeal to Timothy Bean on March

13, 2013, he still would have failed to exhaust his administrative remedies with respect to his alleged deficient medical care. *Wilson-El v. Wilson*, No. 4:12-CV-015, 2013 WL 6148918, at * 4 (N.D. Ind. Nov. 21, 2013)(noting that the grievance appeal must contain the original issue contained in the formal grievance); *Peterson*, 2012 WL 4020996 at *3 (holding that formal grievance and grievance appeal must contain the same subject matter as the lawsuit to effectively exhaust administrative remedies).

CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment (DE #8) is **GRANTED**. Accordingly, Jimmerson's claims against Nelson, Thompson and Mitcheff for denying him pain medication for neck and throat cancer are **DISMISSED WITHOUT PREJUDICE**. As this was the only claim pending against Defendant Thompson, he is dismissed from this case.

**DATED: February 3, 2015**          /s/ RUDY LOZANO, Judge
                                     United States District Court